QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Kenneth R. Chiate (Bar No. 39554)
  Thad A. Davis (Bar No. 220503)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Defendants Benchmark Capital LLCs
and LPs, August Capital LLCs and LP, J. William
Gurley, John R. Johnston

[Additional counsel appear on signature pages]

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NAVAL RAVIKANT, et al., | CASE NO. C 05 3300 (MHP) |
| Plaintiffs, | DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT THEREOF |
| vs. | |
| NIRAV N. TOLIA, et al., | |
| Defendants. | Date:          October 3, 2005<br>Time:          2:00 p.m.<br>Courtroom:  15, 18th Floor<br>Judge:        Hon. Marilyn Hall Patel |
| | SAC Filed:          July 13, 2005<br>Action Removed:  August 12, 2005 |

/672947.7

1

## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3 PLEASE TAKE NOTICE that on October 3, 2005, at 2:00 p.m. or as soon

4 thereafter as counsel may be heard, in the Courtroom of Hon. Marilyn Hall Patel, at the

5 United States District Court for the Northern District of California, San Francisco

6 Division, located at 450 Golden Gate Ave., San Francisco, California, defendants Nirav

7 N. Tolia, J. William Gurley, Benchmark Capital Holdings, LLC, Benchmark Capital

8 Management Co., LLC, Benchmark Capital Management Co. III, LLC, Benchmark

9 Capital Partners III, L.P., Benchmark Founders Fund III, L.P., Benchmark Capital

10 Management Co. IV, LLC, Benchmark Capital Partners IV, L.P., Benchmark Founders

11 Fund IV, L.P., John R. Johnston, August Capital Management, LLC, August Capital

12 Management II, August Capital II, L.P., August Capital Strategic Partners II, L.P.,

13 Thomas Gieselmann, BV Capital Management, LLC, BV Capital II, L.P., BV Capital

14 GmbH & Co. Beteiligungs-KG No. 1, Shopping.com, Ltd, Shopping.Com (California),

15 Inc. (collectively, "Defendants") will move this Court for an order dismissing plaintiffs'

16 Second Amended Complaint ("SAC"), which was filed in the Superior Court of the State

17 of California for the County of San Francisco on July 13, 2005, and was removed to this

18 Court on August 12, 2005.

19 This motion seeks dismissal of the SAC with prejudice on the ground that

20 plaintiffs' claims are preempted by the Securities Litigation Uniform Standards Act of

21 1998 ("SLUSA"), which in turn requires dismissal. The motion is based on this Notice of

22 Motion and Motion, the Memorandum of Points and Authorities below, all pleadings and

23 papers filed herein, and the argument of counsel (if deemed necessary by the Court).

24 This motion is filed pursuant to Federal Rule of Civil Procedure 81(c).

25 Acknowledging this Court's Standing Order, leave to file this Motion prior to the Case

26 Management Conference on December 19, 2005, was sought in Defendants' Motion for

27 Leave to File Motion to Dismiss Before the Initial Case Management Conference, which

28

1  was filed on August 17, 2005 ("Motion for Leave").  Therefore, this Motion to Dismiss is

2  filed provisionally pending a decision on Defendants' Motion for Leave.

3

4  DATED:  August 19, 2005          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
5

6                                   By
                                       Thad A. Davis
7                                      Attorneys for Defendants
                                       Benchmark Capital LLCs and LPs and
8                                      August Capital LLCs and LP

9  DATED:  August 19, 2005          WILSON, SONSINI, GOODRICH & ROSATI,
                                    PROFESSIONAL CORPORATION
10

11                                  By  Leo Cunningham /SK
                                       Leo Cunningham
12                                     Attorneys for Defendant Shopping.com Ltd. and
                                       Shopping.com (California), Inc.
13

14  DATED:  August 19, 2005         KEKER & VAN NEST, LLP

15
                                    By  R Tangri /SK
16                                     Ragesh Tangri
                                    Attorneys for Defendant Nirav N. Tolia
17

18  DATED:  August 19, 2005         COOLEY GODWARD, LLP

19
                                    By  A Mooney /SK
20                                     Ann Mooney
                                       Attorneys for Defendants Thomas Gieselmann,
21                                     BV Capital Management, LLC, BV Capital
                                       II, L.P., and BV Capital GmbH & Co.
22                                     Beteiligungs-KG No. 1

23

24

25

26

27

28

/672947.7

MOTION TO DISMISS SECOND AMENDED COMPLAINT

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

Introduction  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Factual and Procedural Background  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.      SLUSA PREEMPTS SECURITIES CLASS ACTIONS BASED ON STATE
        LAW  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        A.      The SAC Is a "Covered Class Action"  . . . . . . . . . . . . . . . . . . . . . . . 3

        B.      This Action Alleges Misrepresentations or Omissions  . . . . . . . . . . . . 4

        C.      This Action Involves "Covered" Securities  . . . . . . . . . . . . . . . . . . . . 5

        D.      This Action Involves a "Purchase and Sale" of Shopping.com Stock  . . . . . 7

        E.      This Action Alleges Misconduct "In Connection With" The Purchase
                And Sale Of Covered Securities  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.     THE "DELAWARE CARVE-OUT" DOES NOT APPLY  . . . . . . . . . . . . . . . . . . 9

Conclusion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

MOTION TO DISMISS SECOND AMENDED COMPLAINT

/672947.7

# TABLE OF AUTHORITIES

**Page**

## CASES

Behlen v. Meryll Lynch,
311 F.3d 1087 (11th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cape Ann Investors LLC v. Lepone,
296 F. Supp. 2d 4 (D. Mass. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Falkowski v. Imation Corp.,
309 F.3d 1123 (9th Cir. 2002), amended 320 F.3d 905 (9th Cir. 2003) . . . . . . . . . 2

Feitelberg v. Merrill Lynch & Co., Inc.,
234 F. Supp. 2d 1043 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 8

Gavin v. AT & T Corp.,
2005 WL. 1563122 (N.D. Ill. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Gibson v. PS Group Holdings, Inc.,
2000 WL. 777818 (S.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Greaves v. McAuley,
264 F. Supp. 2d 1078 (N.D. Ga. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lazar v. Gregerson,
2002 WL. 535405 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Professional Mgmt. Assocs., Inc. Employees Profit Sharing Plan v. KPMG LLP,
335 F.3d 800 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Riley v. Merill Lynch, Pierce, Fenner & Smith, Inc.,
292 F.3d 1334 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

SEC v. Rana Research, Inc.,
8 F.3d 1358 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SEC v. Zandford,
535 U.S. 813 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

Schuster v. Gardner,
319 F. Supp. 2d 1159 (S.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Superintendent of Ins. v. Bankers Life & Cas. Co.,
404 U.S. 6 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

In re Worldcom, Inc.,
263 F. Supp. 2d 745 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

Zoren v. Genesis Energy, LP,
195 F. Supp. 2d 598 (D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 8, 9

ii

MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

## STATUTES

15 U.S.C. §§ 77p(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

15 U.S.C. §77p(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 77r(b)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15 U.S.C. § 78bb(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

15 U.S.C. § 78bb(f)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15 U.S.C. § 78bb(f)(3)(A)(i)-(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 U.S.C. § 78bb(f)(3)(A)(ii) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. §§ 78bb(f)(5)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6, 10

15 U.S.C. §78p(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Business & Professions Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rule of Civil Procedure 81(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 10b-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Introduction

3      Congress enacted the Securities Litigation Uniform Standards Act ("SLUSA") as

4  part of "a far-reaching Congressional effort to concentrate securities litigation in federal

5  court and to preempt litigation filed in state court as part of an effort to circumvent [the

6  Private Securities Litigation Reform Act of 1995 ('PSLRA')]."  In re Worldcom, Inc., 263

7  F. Supp. 2d 745, 769-70 (S.D.N.Y. 2003).  Here, post-removal dismissal is required

8  because every count of Plaintiffs' Second Amended Complaint ("SAC" or "Complaint") is

9  preempted by SLUSA.   The fifty-one (51) Plaintiffs allege that Defendants defrauded

10  them out of the wealth created by the initial public offering ("IPO") of the stock of

11  Shopping.com, Inc.  By definition, then, this action involves state claims based upon

12  alleged misrepresentations of material facts "in connection with" the purchase or sale of a

13  "covered security."  Because of *inter alia* their strategic choice to attempt to plead under

14  California law, Plaintiffs cannot avoid preemption under the so-called "Delaware carve-

15  out" to SLUSA preemption.  Because SLUSA expressly precludes Plaintiffs from

16  maintaining their claims, the Court should dismiss this action.  15 U.S.C. §§ 77p(b).

17

### Factual and Procedural Background

18      On January 19, 2005, forty-three plaintiffs brought an action in San Francisco

19  Superior Court.   On March 23, 2005, Plaintiffs filed the First Amended Complaint

20  ("FAC"), adding five new plaintiffs.  The court sustained Defendants' demurrers to the

21  majority of the FAC with leave to amend.  Order, at 2:14-3:7.

22      This action became removable upon the filing of the SAC, on July 13, 2005, which

23  was brought on behalf of fifty-one Plaintiffs.  On August 12, 2005, Defendants removed

24  the case to this Court.

25      The Complaint alleges that Defendants wrongfully induced Plaintiffs to sell stock in

26  Epinions, Inc. prior to – and as part of an integrated conspiracy concerning – a successful

27  IPO of shares of that company's post-merger successor, Shopping.com, Inc.  See, e.g.,

28  SAC, ¶ 4.  Plaintiffs alleged that Defendants did not disclose material information

1

concerning Epinions' value in an Information Statement sent to holders of common stock. <u>See</u>, <u>e.g.</u>, SAC, ¶ 10. Plaintiffs further allege that Defendants circulated this misinformation in anticipation of, with full intention to, and in consultation with their investment bankers about, taking the merged entity public. <u>See</u>, <u>e.g.</u>, SAC, ¶ 4. Plaintiffs brought claims for fraud, constructive fraud, aiding and abetting fraud, violations of no fewer than five distinct sections of the fraud-based California securities laws, California's fraud-based unfair competition law, and unjust enrichment. Plaintiffs included among this array of fraud theories a breach of fiduciary duty claim. SAC ¶¶ 122-131.

## **Argument**

I.  **SLUSA PREEMPTS SECURITIES CLASS ACTIONS BASED ON STATE LAW**

Congress determined that claims involving fraud related to the purchase or sale of covered securities, when made on behalf of a class of investors, should be resolved <u>exclusively</u> in federal court and under federal law. In pertinent part, SLUSA provides that:

> No covered class action based upon the statutory or common
>
> law of any State . . . may be maintained in any State or Federal
>
> court by a private party alleging:
>
> (A) a misrepresentation or omission of a material fact in
>
> connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or
>
> deceptive device or contrivance in connection with the
>
> purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).

To ensure uniform application of the PSLRA, claims falling under the SLUSA preemption may be brought only in federal court and only if they satisfy strict federal pleading standards. <u>See</u> <u>Falkowski v. Imation Corp.</u>, 309 F.3d 1123, 1128 (9th Cir. 2002), <u>amended</u> 320 F.3d 905 (9th Cir. 2003). To achieve this purpose, Congress intended that the Act be <u>broadly applied</u>. <u>See</u> <u>Feitelberg v. Merrill Lynch & Co.</u>, Inc., 234 F. Supp. 2d. 1043, 1047 (N.D. Cal. 2002) ("the structure and legislative history of SLUSA suggest that

1  district courts should construe the 'covered class action' definition broadly to avoid

2  attempts at manipulation"); In re Worldcom, 263 F. Supp. 2d at 769-70 (same).

3      Because this is a "covered class action" alleging misrepresentations and omissions

4  in connection with the purchase and sale of covered securities, SLUSA requires its

5  immediate dismissal. See Riley v. Merill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d

6  1334, 1341 (2d Cir. 2002) (SLUSA "requires immediate dismissal" of properly removed

7  actions).

8      A.    The SAC Is a "Covered Class Action"

9      SLUSA defines a "covered class action" as "any single lawsuit in which . . .

10 damages are sought on behalf of more than 50 persons or prospective class members, and

11 questions of law or fact common to those persons or members of the prospective class,

12 without reference to issues of individualized reliance on an alleged misstatement or

13 omission, predominate over any questions affecting only individual persons or members."

14 15 U.S.C. §§ 78bb(f)(5)(B) (emphasis added).

15     There is no question that the present action falls under this definition.  As an initial

16 matter, there are 51 plaintiffs seeking monetary remedies, including damages, on their own

17 behalf. See SAC, Prayer for Relief, 73:24-74:10.[1]

18     Common issues of fact and law predominate because the case comes down largely

19 to a single document - the Information Statement - and whether its issuance by Defendants

20 and its part in the supposed unitary IPO scheme give rise to liability. See SAC, ¶ 96.

21 Indeed, Plaintiffs have emphasized that this case involves common issues of law and fact,

22 

23      [1] Plaintiffs may not avoid the preemptive scope of SLUSA by amending their
complaint to drop the number of plaintiffs below 51.  The Eleventh Circuit has held that

24 plaintiffs may not plead around SLUSA by amending their complaint and seeking remand.
See Behlen v. Meryll Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The [district] court

25 had discretion to retain jurisdiction over the state law claims even after [plaintiff] amended
the complaint to remove any federal cause of action.") (citations omitted).  As this Court

26 has noted, "[t]he legislative history of SLUSA clearly suggests that the statute was enacted
to deal with the temptation class action plaintiffs have to plead around SLUSA; thus, the

27 statute should be interpreted broadly to reach mass actions and all other procedural devices

28 that might be used to circumvent the class action definition." Feitelberg, 234 F. Supp. 2d.
at 1049 (disallowing creative pleading to avoid removal).

3

1 arguing that their "fraud claims are based primarily on the misrepresentations and

2 omissions in the Information Statement, a common document sent by the board to all

3 plaintiffs and directly or indirectly relied upon by <u>all plaintiffs</u>." FAC Demurrer Opp., at

4 31:21-22 (emphasis added).[2]  Accordingly, it is indisputable that the present case is a

5 covered class action under SLUSA.

6        B.     <u>This Action Alleges Misrepresentations or Omissions</u>

7        Consistent with Congressional intent to preempt securities fraud actions brought in

8 state courts, the courts adopt a broad definition of "misrepresentations or omissions." As

9 this Court has held, a complaint satisfies this requirement even where plaintiff "artful[ly]

10 avoid[ed]" allegations of scienter. <u>Feitelberg</u>, 234 F. Supp. 2d. at 1051. The Court

11 explained that remand based upon "the mere avoidance of some of the magic language"

12 would "totally eviscerate[ ]" SLUSA. <u>Id.; see also</u> <u>Zoren v. Genesis Energy, LP</u>, 195 F.

13 Supp. 2d 598, 603-04 (D. Del. 2002) (holding that "[b]y voluntarily spelling out that the

14 IPO and SPO included misrepresentation, fraud and deception in the sale of a covered

15 security, [plaintiff] has placed himself squarely within [SLUSA's] parameters.")

16        Plaintiffs' SAC is not even a close call. The gist of the SAC is that Plaintiffs agreed

17 to cancel their common stock in Epinions based upon Defendants' fraudulent

18 misrepresentations and omissions concerning the value of their shares and the pre-planned

19 IPO. Indeed, the first substantive allegation in the SAC is that "[t]hrough defendants' false

20 and misleading representations and omissions of material facts . . . defendants fraudulently

21 caused plaintiffs to give up their ownership interests in Epinions for *nothing*." SAC, ¶ 2

22 (emphasis in the original).  According to Plaintiffs, Defendants hatched this unitary

23 scheme in January 2003 and brought it to completion by reaping the benefits of the IPO in

24 2004. <u>See, e.g.</u>, ¶¶ 5 ("pre-conceived scheme"), 6, 11, 111 ("fraudulent scheme"); 77-78,

25

---

26     [2] Regardless, Plaintiffs may not argue that Defendants' insistence at the demurrer

27 stage that the FAC allege individual reliance prevents a finding of commonality for class
purposes. As quoted above, SLUSA expressly exempts reliance from analysis of typicality

28 under the statute. 15 U.S.C. §§ 78bb(f)(5)(B).  Furthermore, Plaintiffs themselves argued
that pleading such individualized facts is unnecessary. FAC Demurrer Opp., at 31:21-22.

127(c) ("scheme"); 4 ("pre-conceived plan"); 12 ("pre-existing, but previously undisclosed, plans"); 111 ("existing plans for an IPO"); 126(c) ("pre-existing plan"); 127(h) ("existing plans for an IPO"). Without the alleged misrepresentations and omissions to Plaintiffs, the scheme allegedly would have collapsed. See, e.g., SAC, ¶¶ 113, 128 (describing Plaintiffs' purported reliance on the misrepresentations).

Plaintiffs' purported non-fraud claims are likewise all based on Defendants' alleged misrepresentations and omissions in connection with the Epinions-DealTime merger-and-IPO scheme. See, e.g., SAC ¶¶ 124 (the Directors "breached their fiduciary duties . . . by failing to disclose material facts" and "by misrepresenting the terms of the transaction"), 126 (the VC Defendants breached their fiduciary duties by "conceal[ing] material information" and "failing to disclose, actively concealing, and directly misrepresenting material facts"), 127, 129, 133-142 (defendants committed fraud through "material misrepresentations and non-disclosures," "direct statements and omissions"), 144-147 (defendants committed constructive fraud by failing to "disclose all material facts" and through their "concealment of material facts"), 151-153 (defendants violated California securities laws through their "material misrepresentations and non-disclosures"), 156 (defendants violated Business & Professions Code § 17200 by "misrepresenting, failing to disclose and concealing material facts"), 158-160 (defendants were unjustly enriched through their fraudulent conduct).

All of Plaintiffs' claims thus fall within SLUSA's broad mandate regarding misrepresentations and omissions. This element of preemption and dismissal is met.

C.      This Action Involves "Covered" Securities

This action should be dismissed because it involves a "covered security" at the time of the alleged deceptive scheme. A "covered security" is a "security that satisfies the standards for a covered security specified in paragraph (1) or (2) of section 77r(b)" of Title 15 of the United States Code "at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred." 15 U.S.C. § 77p(f)(3). A security is "covered" under SLUSA if it was "listed, or authorized for listing, .

1 . . on the National Market System of the Nasdaq Stock Market" when "it is alleged that . . .

2 manipulative or deceptive conduct occurred." 15 U.S.C. § 77r(b)(1)(A) (emphasis added);

3 15 U.S.C. § 78bb(f)(5)(E).

4 It is indisputable that the stock of Shopping.com is a "covered security" under

5 SLUSA as it is listed and traded on NASDAQ (symbol: SHOP) and has been since the

6 IPO. Plaintiffs have also explicitly alleged that the Shopping.com IPO occurred as the

7 culmination of the alleged unitary scheme to defraud Plaintiffs. See SAC, ¶¶ 14, 159.

8 Plaintiffs have thus alleged that the stock of Shopping.com was a "covered security"

9 at the time of the alleged "deceptive conduct," as required by SLUSA. 15 U.S.C. §

10 78p(f)(3); Zoren, 195 F. Supp. 2d at 603-04. According to Plaintiffs, Defendants'

11 deceptive conduct stretched from the initial valuations of Epinions through Shopping.com's

12 IPO. In Plaintiffs' own words, "[t]he Epinions merger was part of a **_pre-conceived plan_** to

13 allow all defendants . . . to achieve liquidity for themselves through a **_successful public_**

14 **_offering_** of the combined enterprise that resulted from the merger, while **_simultaneously_**

15 denying plaintiffs and other common shareholders their equity interests in Epinions."

16 SAC, ¶ 4 (emphasis added); see also SAC, ¶ 12 ("Shortly after completing the Epinions

17 merger, defendants began executing their pre-existing, but previously undisclosed, **_plans_**

18 **_for the Shopping.com IPO_**.") (emphasis added).

19 Shopping.com's stock was thus a covered security at time of the alleged "deceptive

20 conduct" because Plaintiffs expressly assert that the IPO was part-and-parcel of the single

21 alleged fraud. SAC, ¶ 14 ("when trading was closed on Shopping.com's first day of

22 trading, defendants and other shareholders . . . had reaped more than $250 million through

23 defendants' wrongful course of conduct."); see also SAC, ¶ 159 (alleging that defendants

24 were unjustly enriched through the "IPO of Shopping.com.")

25 Plaintiffs underscore that they are claiming fraud in connection with the

26 Shopping.com IPO in the relief they seek. Plaintiffs seek actual stock of Shopping.com –

27 and not merely damages for the cancellation of their Epinions stock – as compensation.

28 SAC, ¶ 148; Prayer for Relief, 74:7-9. Therefore, because Shopping.com stock was listed

1   on NASDAQ during the last stage of Defendant's alleged deceptive conduct, it is a covered

2   security under SLUSA.  Plaintiffs have alleged a fraud action involving a covered security,

3   so that criterion for dismissal is met.

4          D.     This Action Involves a "Purchase and Sale" of Shopping.com Stock

5          As evident from the SAC, this action integrally relates to the IPO of shares of

6   Shopping.com.  By definition, an IPO involves the purchase and sale of stock.  Plaintiffs

7   allege that defendants wrongfully enriched themselves through the secretly planned

8   Shopping.com IPO, essentially stealing and then conveying Plaintiffs' equity interests to

9   the public.  SAC, ¶ 4.  Specifically, Plaintiffs allege that "[b]ut for" Defendants' scheme "to

10  deprive plaintiffs of their shares and options, plaintiffs would have fully retained their

11  equity interests and collectively would have been paid tens of millions of dollars for those

12  equity interests" in the IPO.  SAC, ¶ 121.  In other words, Plaintiffs claim that they have a

13  right to shares of Shopping.com and were damaged by the inability to benefit by selling

14  this stock due to Defendants' misrepresentations.  The alleged misrepresentations,

15  therefore, concerned, and were part-and-parcel of, the purchase and sale of shares of

16  Shopping.com.

17         The U.S. Supreme Court has held that a claim under Section 10(b) exists where a

18  defendant fraudulently disposes of a stockholder's shares.  SEC v. Zandford, 535 U.S. 813,

19  820-21 (2002).  The Court held that a 10(b) claim was valid because the stockholders

20  "were injured as investors through [defendant's] deceptions, which deprived them of any

21  compensation for the sale of their valuable securities, . . . [where defendant] secretly

22  intend[ed] from the very beginning to keep the proceeds."  Id. at 822, 824.  Here, Plaintiffs

23  allege that Defendants usurped their single equity interest in Epinions and Shopping.com.

24  See SAC, ¶ 121.  The Complaint, therefore, satisfies SLUSA's "purchase or sale"

25  requirement.

26

27

28

7

MOTION TO DISMISS SECOND AMENDED COMPLAINT

E.    This Action Alleges Misconduct "In Connection With" The Purchase And Sale Of Covered Securities

SLUSA preempts state law actions alleging a misrepresentation or omission "in connection with the purchase or sale of a covered security." See 15 U.S.C. § 78bb(f)(1)(A) (emphasis added). Because SLUSA does not define "in connection with," courts routinely rely upon interpretation of this language in the context of Section 10(b) of the 1934 Act. See Riley, 292 F.3d at 1342; Zoren, 195 F. Supp. 2d at 605 (citations omitted). Both the U.S. Supreme Court and the Ninth Circuit have held that section 10(b) provides redress when there is a fraud that "somehow touches upon" or has "some nexus" with "any securities transaction." Superintendent of Ins. v. Bankers Life & Cas. Co., 404 U.S. 6, 12-13 (1971) (emphasis added); SEC v. Rana Research, Inc., 8 F.3d 1358, 1362 (9th Cir.1992) (construing the "in connection with" requirement broadly); Feitelberg, 234 F. Supp. 2d at 1052 (collecting cases). Indeed, the Supreme Court recently held the "in connection with" requirement of §10(b) and Rule 10b-5 is not meant to be construed in a hypertechnical, narrow fashion, and requires only that the alleged "scheme to defraud and the sale of securities coincide." Zandford, 535 U.S. at 822 (emphasis added).

Not surprisingly, courts interpreting SLUSA have – borrowing from 10(b) cases – adopted a similarly broad interpretation of the "'in connection with' requirement." See Feitelberg, 234 F. Supp. 2d at 1052 (dismissal under SLUSA proper where "the scheme to defraud and the sale of securities coincide.") (emphasis added); Zoren, 195 F. Supp. 2d at 605 (same; scheme extended through both IPO and SPO). In fact, under SLUSA, the requirement is satisfied where there is an allegation of a "'unitary scheme of fraud' which began before the 'purchase and sale' of securities and continued afterward." Zoren, 195 F. Supp. 2d at 605. Thus, "clear and repeated allegations of an ongoing fraud satisfy the 'in connection with' requirement and make SLUSA applicable." Id., at 606 (emphasis added); see also Professional Mgmt. Assocs., Inc. Employees Profit Sharing Plan v. KPMG LLP, 335 F.3d 800, 803 (8th Cir. 2003) ("'in connection with' requirement is not limited to cases

MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  involving damages claimed <u>as a result of</u> a purchase or sale of securities") (emphasis
2  added).

3         Here, the Complaint alleges that Defendants conspired to misrepresent the value of
4  Epinions <u>in connection with</u> the premeditated public offering by Shopping.com.  In
5  Plaintiffs' own words, "[t]he Epinions merger was part of a ***pre-conceived*** plan to allow all
6  defendants . . . to achieve liquidity for themselves through a successful public offering of
7  the combined enterprise that resulted from the merger, while ***simultaneously*** denying
8  plaintiffs and other common shareholders their equity interests in Epinions."  SAC, ¶ 4
9  (emphasis added).  In other words, according to Plaintiffs, the alleged misrepresentations
10  or omissions, and the subsequent IPO was <u>a single course of deceptive conduct and single</u>
11  <u>transaction</u>.  <u>Id.</u>  Given the expansive definition of "in connection with" under SLUSA,
12  these allegations plainly establish that the alleged scheme to defraud and the sale of
13  securities coincide and, therefore, satisfy this SLUSA element.  <u>See</u> <u>Zandford</u>, 535 U.S. at
14  822; <u>Zoren</u>, 195 F. Supp. 2d at 606 (dismissing a complaint under SLUSA where a
15  challenged restructuring was the final step in a continuing plan to deceive, and a
16  continuation of fraud which had occurred throughout the existence of the partnership).

17  II.    <u>THE "DELAWARE CARVE-OUT" DOES NOT APPLY</u>

18         Plaintiffs cannot avoid dismissal by relying on SLUSA's so-called "Delaware carve-
19  out."  The Delaware carve-out exempts from SLUSA's preemptive reach the small number
20  of otherwise covered class actions that are "based upon the statutory or common law of the
21  State in which the issuer is incorporated" <u>and</u> that involve either the (i) purchase or sale of
22  securities by the issuer or its affiliate exclusively from or to its stockholders, or (ii)
23  communications with respect to sale or voting of securities between the issuer or its
24  affiliate and the issuer's stockholders. 15 U.S.C. § 78bb(f)(3)(A)(i)-(ii).

25         Neither of these exemptions applies to save Plaintiffs' claims, though the Court need
26  not reach either because <u>Plaintiffs alleged all of their claims in California, and apparently</u>

27

28

1  under California law[3], thereby intentionally waiving the protection of the Delaware carve-

2  out.[4]  Throughout the Complaint, Plaintiffs repeatedly cite and heavily rely upon California

3  statutory and common law to support their claims.  See, e.g., SAC, ¶¶ 124, 133, 140, 151-

4  53, 155-57.[5]   However, both Epinions and Shopping.com (California), Inc. were

5  incorporated in Delaware.  SAC, ¶ 48.  Accordingly, the Delaware carve-out does not

6  apply, and the case should be dismissed as a matter of law.  See Gavin v. AT & T Corp.,

7  2005 WL 1563122, *18 (N.D. Ill. 2005) (the carve-out does not apply to plaintiff's claims

8  under New York law where defendant is a Delaware company); Greaves v. McAuley, 264

9  F. Supp. 2d 1078 (N.D. Ga. 2003) (carve-out inapplicable to unjust enrichment claims

10  under Georgia common law against a Maryland company) (remanding on other grounds).[6]

11       Therefore, neither prong of the Delaware carve-out is available to preserve

12  Plaintiffs' otherwise preempted claims.

13

14

15

16       [3] Defendants do not concede that California or the law of any other state applies to
Plaintiffs' claims.  Defendants merely point out that Plaintiffs have attempted to bring this

17  action under California law.

18       [4] Because this is a direct action, the separate Delaware carve-out for derivative
actions is not at issue here.  See 15 U.S.C. § 78bb(f)(5)(C).

19

20       [5] Notably, Plaintiffs relied extensively on California law when opposing
Defendants' Demurrer to their First Amended Complaint.  For instance, Plaintiffs cited

21  only California law in support of their argument that receipt of the fruits of another's
breach of fiduciary duty is sufficient to create duty and direct liability.  See Opp. to

22  Demurrers to FAC, 24:3-6.

23       [6] The cases granting motions to remand based on the Delaware carve-out are

24  inapposite because they involve claims based on the law of the state of incorporation.  See,
e.g., Lazar v. Gregerson, 2002 WL 535405, * 4 (N.D. Cal. 2002) (complaint based on the

25  law of California, also the state of incorporation); Gibson v. PS Group Holdings, Inc., 2000
WL 777818, *4 (S.D. Cal. 2000) (complaint based on the law of Delaware, also the state of

26  incorporation).  Likewise, Schuster v. Gardner, 319 F. Supp. 2d 1159 (S.D. Cal. 2003) is
inapposite because in that case plaintiff expressly disclaimed in his complaint any claim

27  that would be preempted by SLUSA.  Id. at 1162.  In contrast, Plaintiffs' Complaint lacks
any such allegation or any indication that Plaintiffs' claims fall under SLUSA

28  "inadvertently," as in Schuster.  Id. at 1164.

10

1          **Conclusion**

2          For the foregoing reasons, Defendants respectfully request the Court to dismiss the

3    Second Amended Complaint with prejudice.

4

5    DATED:  August 19, 2005          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
6

7                                     By
                                      Thad A. Davis
8                                     Attorneys for Defendants
                                      Benchmark Capital LLCs and LPs and
9                                     August Capital LLCs and LP

10
     DATED:  August 19, 2005          WILSON, SONSINI, GOODRICH & ROSATI,
11                                    PROFESSIONAL CORPORATION

12                                    By
13                                    Leo Cunningham
                                      Attorneys for Defendant Shopping.com Ltd. and
14                                    Shopping.com (California), Inc.

15
     DATED:  August 19, 2005          KEKER & VAN NEST, LLP
16

17                                    By
                                      Ragesh Tangri
18                                    Attorneys for Defendant Nirav N. Tolia

19
     DATED:  August 19, 2005          COOLEY GODWARD, LLP
20

21                                    By
                                      Ann Mooney
22                                    Attorneys for Defendants Thomas Gieselmann,
                                      BV Capital Management, LLC, BV Capital
23                                    II, L.P., and BV Capital GmbH & Co.
                                      Beteiligungs-KG No. 1
24

25

26

27

28

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2

3  **STATE OF CALIFORNIA** )
                            )
4  **COUNTY OF LOS ANGELES** )

5           I am employed in the County of Los Angeles, State of California.  I am over
   the age of 18 and not a party to the within action; my business address is:  865 S. Figueroa
6  Street, 10th Floor, Los Angeles, California  90017-2543.

7           On **August 19, 2005**, I served the foregoing document(s) described as:

8  DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS'
   SECOND AMENDED COMPLAINT; MEMORANDUM OF POINT AND
9  AUTHORITIES IN SUPPORT THEREOF

10
   on all interested parties in this action by forwarding the document(s) by electronic
11 transmission on this date, in compliance with Civil L.R. 23-2, to the Designated Internet
   Site(s) listed below:
12

13 **Plaintiffs:**
           Marc M. Seltzer:  mseltzer@susmangodfrey.com
14         Manuel S. Klausner:  mklaus@aol.com
           Thomas K. Bourke:  talltom2@aol.com
15         Stephen E. Morrissey:  smorrissey@susmangodfrey.com
           Nicholas F. Daum:  ndaum@susmangodfrey.com
16         Helen Danielson:  hdanielson@susmangodfrey.com
           Melanie Wheeling:  mwheeling@susmangodfrey.com
17
   **Defendants Thomas Gieselmann, BV Capital Management, LLC, BV Capital**
18 **Partners II, L.P., and Bertelsmann Ventures II, L.P:**

19         Gordon Atkinson:  gatkinson@cooley.com
           Ann Mooney:  amooney@cooley.com
20         Beatriz Mejia:  bmejia@cooley.com
           Curtis Renoe:  crenoe@cooley.com
21         Tammy Zughayer:  zughayerte@cooley.com

22 **Defendant Nirav N. Tolia:**

23         Ragesh Tangri:  rkt@kvn.com
           Stacey Wexler:  slw@kvn.com
24         Ryan Kent:  rkent@kvn.com
           Rachael Meny:  rmeny@kvn.com
25         Jacquie Hartmann:  jhartmann@kvn.com

26 **Defendant Shopping.com, Ltd.:**

27         Robert Feldman:  rfeldman@wsgr.com
           Leo Cunningham:  lcunningham@wsgr.com
28         Thomas J. Martin:  tmartin@wsgr.com
           Dylan Liddiard:  dliddiard@wsgr.com

/672947.7

12

1    Stephen Bucher:  sbucher@wsgr.com

2    The above documents were served electronically and the transmission was
reported as complete and without error.

3

4  [ ]    (State)  I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

5

6  [X]    (Federal) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

7    Executed at Los Angeles, California on August 19, 2005.

8

9    Leah Zangrilli

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/672947.7

13